IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER GRADY                                                  PETITIONER

V.                                                         CIVIL ACTION NO. 1:24-CV-00121-SA-RP

STATE OF MISSISSIPPI, et al.                                   RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Christopher Grady for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred as to certain claims, and further for failure to exhaust available state-court remedies as to other claims. Petitioner failed to file a response, and the matter is now ripe for resolution. For the reasons set forth below, Respondents' motion to dismiss will be granted and the instant petition will be dismissed with prejudice in part as time-barred, and without prejudice in part for failure to exhaust state-court remedies.

Procedural Posture

Petitioner Christopher Grady is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Central Mississippi Correctional Facility ("CMCF") located in Pearl, Mississippi. On January 30, 2013, a Grand Jury in the Circuit Court of Lowndes County, Mississippi, indicted Grady on one count of possession of greater than five kilograms of marijuana. Doc. # 8-1 at 10. Trial proceedings began on November 13, 2013, and concluded on November 15, 2013, when a jury found Grady guilty of the aforementioned crime. *See* Doc. # 8-1 at 66, 69.

Subsequently, on November 25, 2013, Grady was sentenced to a term of thirty (30) years, with five years suspended and twenty-five (25) years to serve in MDOC custody. Doc. # 10-1; *see*

*also* Doc. # 8-1 at 80-82.  Shortly thereafter, on December 6, 2013, Grady moved for Judgment Notwithstanding the Verdict or, alternatively, for a new trial.  *Id.* at 84-85.  The trial court held a hearing on the motion on January 23, 2014, and then ordered further briefing from the parties.  *See id.* at 87-88.  On May 30, 2014, the trial court entered an Order Denying Defendant's Motion for New Trial or Judgment Notwithstanding the Verdict.  *Id.* at 101-104.

On June 23, 2014, Grady, through counsel, filed a Notice of Appeal, in which he appealed both the conviction itself and the trial court's order denying his post-trial motion.  *Id.* at 110.  In his appellate brief, Grady raised only one issue for review: "whether trial counsel's failure to move to suppress the marijuana found during an illegal search and seizure constituted ineffective assistance of counsel."  Doc. # 9-1 at 3, 5, 8-12.

The Mississippi Court of Appeals dismissed Grady's ineffective-assistance-of-counsel claim "without prejudice to his ability to raise it in postconviction proceedings" in an opinion entered on September 8, 2015.  Doc. # 10-2; *see also Grady v. State*, 190 So. 3d 870 (Miss. Ct. App. 2015), *reh'g denied* (Jan. 26, 2016).  The Mississippi Supreme Court denied Grady's petition for certiorari review on May 12, 2016.[1]  *See Grady v. State*, 202 So. 3d 206 (Miss. 2016); *see also* Doc. # 8-5 at 155.  The state-court mandate issued on June 2, 2016.  *See id.*  Grady did not seek certiorari review in the United States Supreme Court.

More than a year later, Grady, proceeding *pro se*, began filing pleadings in his direct appeal cause number.  The first of those filings came on September 19, 2017, when Grady seemingly moved for rehearing of the denial of his certiorari petition.  *See* Doc. # 8-5 at 114-123.  In an Order entered October 26, 2017, the Mississippi Supreme Court denied Grady's motion finding that "[r]ehearing from the denial of a petition for writ of certiorari is prohibited."  *Id.* at 113 (citation

---

[1] The Order denying Grady's certiorari petition was signed on May 3, 2016, but stamped as "Filed" on the court's docket on May 12, 2016.  *See* Doc. # 8-5 at 176.

2

omitted); *see also* Doc. # 10-3.  A year later, on or about October 25, 2018, Grady submitted a "Written Notice of Urgency."  *See id.* at 78-80.  The Mississippi Supreme Court entered an Order on December 5, 2018, denying any relief that may have been requested in that particular filing.  *Id.* at 76; *see also* Doc. # 10-4.

Then on December 26, 2018, Grady filed a "Petition for Writ of Remedial Interlocutory" which the Mississippi Supreme Court denied in an Order filed on January 8, 2019.  *See id.* at 46-75; *see also* Doc. # 10-5.  The last of these motions, styled as a "Motion for Certiorari/JNOV/Criterion/Ex Proprio Motu/Bill of Information", was "filed" on January 28, 2019, and denied by the Mississippi Supreme Court in an Order dated March 5, 2019.  *Id.* at 2-45; *see also* Doc. # 10-6.

In addition to his filings in the state appellate court, Grady filed numerous *pro se* "post-conviction" motions in the Lowndes County Circuit Court.  These motions varied from merely requesting administrative relief in the form of records, transcripts, and discovery to challenging his 2013 conviction and sentence.  On June 3, 2016, Grady filed a motion requesting court records in two separate Lowndes County Circuit Court cases.  Doc. # 8-7 at 3.  The trial court denied Grady's motion in an order entered on August 31, 2016.  *Id.* at 9; *see also* Doc. # 10-7.

On September 28, 2016, Grady signed and submitted a "Motion for Post-Conviction Relief" which was stamped as "Received" on October 3, 2016, and "Filed" on October 5, 2016, in the Lowndes Circuit Court.  Doc. # 8-7 at 11-12.  In his motion, Grady *seemingly* argued that he was denied effective assistance of counsel.  *See id.*  The trial court entered an Order on December 7, 2016, dismissing Grady's post-conviction motion, explaining that "[b]ecause the Petitioner did not submit any affidavits in support of his allegation of ineffective assistance of counsel" it found

3

that the "issue [wa]s without merit." *Id.* at 18; *see also* Doc. # 10-9. Grady chose not to appeal the trial court's order. *See* Doc. # 10-10.

On February 9, 2017, Grady signed and submitted a second "Motion for Post-Conviction Relief" which was stamped as "Received" on February 13, 2017, and "Filed" on February 17, 2017, in the Lowndes County Circuit Court. Doc. # 8-7 at 21-34. On February 24, 2017, the trial court entered an "Order" in which it dismissed Grady's motion as both "frivolous" and as "a subsequent filing." *Id.* at 37; *see also* Doc. # 10-11. Grady again chose not to appeal the trial court's order. *See* Doc. # 10-10.

Close to a year later, on January 12, 2018, Grady signed and submitted a "Motion for Judgment Notwithstanding the Verdict" ("JNOV") that was stamped as "Received" on January 29, 2018, and "Filed" on January 30, 2018, in the Lowndes County Circuit Court. Doc. # 8-7 at 39. The trial court entered an Order on February 23, 2018, finding that the motion was "frivolous" and "not well taken", and also noting that it was a "subsequent filing" of previous filings already ruled upon. *Id.*; *see also* Doc. # 10-12. The trial court further explained that it had denied Grady's motion for JNOV in his criminal case in an order entered on May 30, 2014, and, therefore, "decline[d] to revisit th[e] issue in a Post-Conviction Motion." *Id.* As with the previous post-conviction motions, Grady again chose not to appeal the trial court's ruling on the matter. *See* Doc. # 10-10.

Then, on March 13, 2018, Grady filed a "Motion for discovery/transcription . . . ." in which he requested copies of his trial transcripts from the Lowndes County Circuit Court. Doc. # 8-7 at 48. Grady filed a supplement to this motion on May 16, 2018. *See id.* at 53. On May 18, 2018, the trial court entered an Order finding that "it [wa]s without jurisdiction to hear th[e] motion since the Petitioner's conviction in his criminal case . . . was appealed, and said conviction affirmed."

*Id.* at 55; *see also* Doc. # 10-13. The trial court reasoned that it was "without authority to hear any post-conviction motions until the petitioner ha[d] obtained permission to file said motions from the appellate court." *Id.* Grady did not appeal the trial court's ruling. *See* Doc. # 10-10.

The following month, Grady sent in a letter which was "Received" on June 11, 2018, and "Filed" on June 20, 2018, in the Lowndes County Circuit Court. *Id.* at 58. Attached to the letter were Grady's January 2018 JNOV motion and his March 2018 motion for discovery/transcription. *Id.* 59-60. In an Order filed on the Court's docket on September 6, 2018, the trial court dismissed Grady's motions after determining that it was "without jurisdiction" as Grady's conviction had been appealed and affirmed. *Id.* at 63; *see also* Doc. # 10-14. The trial court further explained, again, that it lacked authority to hear post-conviction motions unless Grady first obtained permission from the state appellate courts. *Id.* Grady chose not to appeal the trial court's ruling. *See* Doc. # 10-10.

More than five years later, Grady submitted a motion for post-conviction relief that was "filed" on the Lowndes County Circuit Court's docket on February 27, 2024. Doc. # 8-8 at 3-40. The trial court dismissed Grady's motion for lack of jurisdiction in an Order entered on May 29, 2024. *Id.* at 41; *see also* Doc. # 10-15. The trial court espoused the same rationale regarding authority and jurisdiction as it had in the previous three orders. *Id.*; *see also* Doc. #s 10-12, 10-13, 10-14. The pattern continued as Grady did not appeal the trial court's ruling. *See* Doc. # 10-16.

Grady was initially released on parole on April 29, 2020. *See* Doc. # 10-17. Three years later, on December 5, 2023, Grady "returned from parole" into MDOC custody. *See id.* Grady's January 2, 2024, Parole Action Sheet, shows that MDOC revoked Grady's parole due both to his failure to report since July 2020 and new charges of domestic violence and simple assault. *See*

Doc. # 10-18. Records further indicate that, at the time of his revocation, the Parole Board "set off" Grady's parole for a one-year period. *See id.*

Grady filed an Administrative Remedy Program ("ARP") complaint with MDOC on March 10, 2024. Doc. # 10-19 at 1. In it, Grady asserted "false imprisonment" and further proclaimed that there was a "conspiracy" to "falsely arrest" and "unlawfully detain" him. *See id.* Grady sought release from MDOC custody. *Id.* MDOC rejected Grady's ARP on March 19, 2024, finding that the relief sought was "beyond the power of the ARP to grant." *Id.* at 2. Grady acknowledged receipt of the ARP decision on March 27, 2024. *Id.* at 3.

On June 22, 2024, Grady signed and submitted the instant petition for federal habeas corpus relief which was filed on this Court's docket on June 26, 2024. Doc. # 1. Grady raises the following four grounds for relief (as summarized by the Court): (1) obstruction of justice by tampering with evidence; (2) false arrest/false imprisonment as the underlying arrest was not supported by probable cause; (3) inhumane living conditions and improper treatment by MDOC in an attempt to cover up his alleged actual innocence; and (4) illegal search and seizure of vehicle in underlying arrest and the inadmissibility of evidence obtained from said search and seizure. *Id.* at 5-9.

The Court entered an Order on June 27, 2024, directing Respondents to answer Grady's petition on or before September 9, 2024. Doc. # 4. In turn, on August 12, 2024, Respondents moved to dismiss Grady's petition as untimely filed in part, and for failure to exhaust available state-court remedies in part. Doc. # 10. To date, no response has been filed by Petitioner.

Timeliness

In this section, the Court addresses the petition *only as to* Grounds One and Four (as to the 2013 conviction and sentence) because those were the only claims raised by Grady in state court.

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss shall be granted turns on the statute's limitations period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Grady did not seek certiorari review in the United States Supreme Court, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on August 10, 2016, which is ninety (90) days after the Mississippi Supreme Court denied Grady's petition for certiorari in that court (May 12, 2016, plus 90 days).[2] *See* 28 U.S.C. § 2101;

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

*Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Grady's federal habeas petition must have been filed on or before August 10, 2017, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Grady must have submitted a "properly filed" application for post-conviction relief ("PCR") on or before August 10, 2017, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Grady submitted a litany of post-conviction filings in both the state trial court and state appellate courts. The Court first looks at the three motions filed by Grady in the trial court prior to the expiration of the aforementioned limitations period. The first of these filings submitted by Grady merely requested court records from his two criminal cases. Motions for discovery and/or requests for transcripts or records are not, however, "properly filed" motions for post-conviction or other collateral review. *See Wall v. Kholi,* 562 U.S. 545, 556, n. 4 (noting that a motion for discovery is not one for judicial review of a judgment and "does not provide a state court with authority to order relief from a judgment"); *Thompson v. McClure*, 2023 WL 7391498, at *4 (N.D. Miss. Nov. 8, 2023) (citing *Hutson v. Quarterman*, 508 F.3d 236, 238 (5th Cir. 2007) ("Though Thompson filed motions for records, transcripts, and discovery requests in 2015 before the limitations period expired, those motions did not constitute 'properly filed' motions for post-conviction or other collateral relief."). Grady submitted two PCR motions in the trial court prior to the federal habeas filing deadline: the first on September 28, 2016, and the second on February

8

9, 2017. Those motions, however, were filed in a court without jurisdiction under state law, *see* Miss. Code Ann. § 99-39-5(2), and, consequently, were *not* "properly filed" motions for post-conviction or collateral relief sufficient to toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).

The Court next addresses the submissions filed by Grady in his direct appeal case. These filings, ranging from motions for rehearing and certiorari review, "interlocutory" review, "urgency" and judgment notwithstanding the verdict, were all either untimely under Mississippi appellate law (*see, e.g.*, Miss. R. App. 17, 40) or sought relief which was unavailable in a direct appeal, particularly after the issuance of a mandate. Thus, not one of these filings constituted a "properly filed" motion for post-conviction or other collateral relief under 28 U.S.C. § 2244(d)(2).

Even assuming, *arguendo*, that any of these post-conviction motions (filed in his direct appeal case) were "properly filed", the first was not filed until September 19, 2017, *after* the August 10, 2017, deadline for filing his federal habeas petition. As such, Grady's instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Grady's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Grady signed his petition on June 22, 2024, *see* Doc. # 1 at 14, and, therefore, filed the instant petition almost seven years *after* the August 10, 2017, deadline for filing said petition. Consequently, the Court may review the merits of Grady's claims (in Grounds One and Four) only if he can demonstrate that his case involves "rare and exceptional circumstances" that

9

would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Grady has presented no arguments regarding equitable tolling, and the Court does not otherwise find equitable tolling to be warranted in this case.

It is unclear whether Grady asserts, or attempts to assert, a claim of "actual innocence." However, to the extent that he does so, any such claim would fail. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner makes a credible showing of actual innocence if, based on *new* evidence, he "show[s] that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 395. The threshold showing for a credible claim of actual innocence is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Grady mentions "actual innocence" in conclusory fashion in arguing that he is incarcerated pursuant to a "false conviction." *See* Doc. # 1 at 13. Grady, however, advances no substantive argument in support; and, more importantly, he neither identifies nor produces any new evidence. Given these circumstances, Grady wholly fails to demonstrate that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See McQuiggin*, 569 U.S. at 386 (citing *Schulp v. Delo*, 513 U.S. 298, 329 (1995)).

In sum, Grady has failed to establish the applicability of equitable tolling, nor has he made the requisite showing of actual innocence to overcome a procedural bar. Consequently, Grady's petition—as to Grounds One and Four (for the 2013 conviction and sentence)—is untimely, and Respondents' motion to dismiss should be granted.

Exhaustion

A petitioner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

Two claims presented in the instant petition concern Grady's January 2024 revocation proceeding. *See* Doc. #1. In Ground Two, Grady alleges "false arrest/detention" and "false imprisonment" related to his parole revocation. *Id.* at 6. In Ground Four, Grady challenges the revocation hearing, alleging that it constituted a "wrongful" violation of parole and "false arrest." *Id.* at 10. Grady has not yet presented either claim (as it pertains to the 2024 parole revocation) in any state court, neither trial court nor appellate court.[3] As such, the Mississippi Supreme Court, the state's highest

---

[3] There is an available avenue through which Grady may exhaust his claims in state court. The Mississippi Uniform Post-Conviction Collateral Relief Act provides that a prisoner may seek post-conviction relief in state court on the ground "[t]hat

11

court, has not yet had an opportunity to consider Grady's claims in Grounds Two and Four concerning the parole revocation. Grady's failure to exhaust available state court remedies, therefore, requires dismissal of those claims. *See* 28 U.S.C. § 2254(b)(1) and (c). [4]

## Conditions of Confinement

In Ground Three, Grady *seemingly* challenges the conditions of his confinement in alleging "inhumane condition and treatment," "belated medical [treatment]," and an "attempt to commit murder/manslaughter" by "prison officials." *See* Doc. # 1 at 8. Federal habeas corpus relief is limited to claims challenging the *fact* or *duration* of confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir 1994); *see also Moore v. Epps*, 2014 WL 3748932, at *3 (N.D. Miss. July 29, 2014)(citations omitted). Federal habeas relief, therefore, is unavailable where a prisoner seeks to challenge only the *conditions* of his confinement, *see Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997), and such claims should be brought as civil rights actions under 42 U.S.C. § 1983. *See Cook*, 37 F.3d at 168; *see also Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009).

To the extent the Court understands Grady's allegations regarding the substandard living conditions and treatment, none of the circumstances alleged concern the *fact* or *duration* of confinement. As such, Grady's claim(s) concerning the conditions of his confinement fail to state a valid claim for federal habeas review. Accordingly, Grady's claim(s) in Ground Three will be dismissed without prejudice.

---

his sentence has expired; *his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]*" Miss. Code Ann. § 99-39-5(h)(emphasis added).

[4] The Court further finds that no "good cause" exists for Grady's failure to exhaust his claims in State court prior to filing the instant federal habeas petition, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005)(holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted state claims in State court before returning to federal court).

Conclusion

Based on the foregoing discussion, Respondents' motion [10] to dismiss is GRANTED. Petitioner's claims in Grounds One and Four as to the 2013 conviction and sentence are DISMISSED WITH PREJUDICE as time-barred. Petitioner's claims in Grounds Two and Four as to the parole revocation are DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies. And Petitioner's claim(s) in Ground Three is DISMISSED WITHOUT PREJUDICE for failure to state a valid claim for federal habeas review. A separate judgment in accordance with this memorandum opinion and order will enter today.

SO ORDERED, this the 17th day of January, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI